JOSEPHINE BONN, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Defendant, and FIRST TRUST AND DEPOSIT COMPANY et al., Respondents.— Judgment and order reversed on the law and facts, with costs, and plaintiff's motion for summary judgment granted for the amount due under the policy in question, less any premiums advanced by the defendants, with costs. Memorandum: Upon the record before us, we find that the policy of insurance was pledged as collateral security for payment of life insurance premiums and did not constitute an asset for the benefit of creditors under the trust agreement of June 17, 1930. Defendants-respondents' claim that they are entitled to the proceeds of the policy as named beneficiary therein we feel cannot be sustained. Both the designation of change of beneficiary and the indorsement thereof on the policy refer to the trust agreement of June 17, 1930. No claim is advanced that the change of beneficiary was made under any subsequent oral agreement

in modification of the trust agreement or otherwise. It seems fairly obvious that the change of beneficiary was made in lieu of the assignment contemplated by paragraph 5 of the trust agreement to facilitate borrowing on the policy to reimburse the trustee for premiums advanced. We so construe it. Treating the second sentence of paragraph 5 of the trust agreement as fixing the time for reassignment of the policy, to wit, the termination of the trust by reason of exhaustion of the trust corpus, the time for reassignment of the policy or its proceeds has arrived. It follows that the judgment and order granting summary judgment to the defendants-respondents and dismissing plaintiff's complaint, with costs, should be reversed and summary judgment granted in favor of the plaintiff-appellant for the amount due under the policy in question, less any premiums advanced by the defendants. All concur. (Appeal from a judgment for defendant in a dispute as to ownership of insurance policy proceeds. The order denied plaintiff's motion to strike out defendants' answer and for judgment, and granted defendants' cross motion to dismiss the complaint and directed judgment.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.